UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-03103-UA (OP)** | Date | **May 8, 2013** |
|---|---|---|---|
| Title | **Herman Gaither v. Los Angeles County Sheriff's Department, et al.** | | |

| Present: The Honorable | Oswald Parada, United States Magistrate Judge | | |
|---|---|---|---|
| Maynor Galvez | N/A | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** **IN CHAMBERS: ORDER TO SHOW CAUSE**

# I.
# Proceedings

On May 2, 2013, Herman Gaithers ("Plaintiff") lodged for filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983, along with an *in forma pauperis* application in order to proceed without payment of the full filing fee. (ECF No. 1.)

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court must examine a complaint for the purpose of determining whether the action is frivolous or malicious fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, regardless of whether a prisoner prepays filing fees or requests to proceed *in forma pauperis*. See 28 U.S.C. §§ 1915(e)(2), 1915A(a), (c); 42 U.S.C. § 1997e(c)(1). Review under § 1915(e) for failure to state a claim is governed by the same standard applied in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

For the reasons set forth below, Plaintiff is ordered to show cause why this matter should not be dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03103-UA (OP) | Date | **May 8, 2013** |
|---|---|---|---|
| Title | **Herman Gaither v. Los Angeles County Sheriff's Department, et al.** | | |

## II.
## Discussion

A.   **Summary of Plaintiff's Allegations.**

While the caption of the Complaint names the Los Angeles County Sheriff's Department as a Defendant, the body of the Complaint only names two Defendants, Sheriff's Deputies Lio and Loughlin. Defendants are sued in their individual and official capacities. Plaintiff alleges constitutional violations based on the alleges use of excessive force. He seeks damages and declaratory relief. (Compl. at 1, 3-6.)

Plaintiff alleges that on April 19, 2012, he was standing at the reception window of the El Camino Hotel located on Crenshaw Boulevard. Before checking in, he heard a voice say "hey you come here." He turned around to see Defendants Lio and Loughlin in front of their patrol car. Plaintiff started walking to his car where his wife was waiting. At that time, Defendants ran up behind him, Defendant Loughlin placed Plaintiff in a choke hold, and Defendant Lio began punching Plaintiff in the face and body. Plaintiff was then forced to the ground and handcuffed. Defendants then punched Plaintiff several more times. An ambulance arrived at the scene and transported Plaintiff to a local hospital where he received medical treatment for his injuries. (Compl. at 5-5b.)

Plaintiff was later prosecuted for a criminal offense. During his preliminary hearing, Defendants admitted to striking Plaintiff several times in an effort to detain him. (Id. at 5b.) The exhibits attached to the Complaint establish the Defendants used force against Plaintiff after he attempted to head butt and punch Defendants several times. Plaintiff also threatened to kill Defendants during the altercation.[1] (Id. Ex. 2.)

---

[1]   Although the scope of review generally is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). Exhibits that contradict the allegations of a complaint may fatally undermine those allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1187 (2001) (a plaintiff can "plead himself out of a claim by including . . . details contrary to his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03103-UA (OP) | Date | May 8, 2013 |
|---|---|---|---|
| Title | Herman Gaither v. Los Angeles County Sheriff's Department, et al. | | |

**B.     The Complaint is Subject to Dismissal for Failure to State a Monell Claim.**

A state is not a "person" within the meaning of 42 U.S.C. § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 69-71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). In a § 1983 case, an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Local governmental units, such as counties or municipalities, are "persons" within the meaning of § 1983. Will, 491 U.S. at 69-71; Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Hervey v. Estes, 65 F.3d 784, 791 (9th Cir. 1995). However, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. Board of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. Plumeau v. School Dist. No. 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

In the Complaint, Plaintiff sues Defendants in their official capacities. (Compl. at 3.) Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (citations omitted). Here, the entity would be the County of Los Angeles. Liability based on a municipal policy may be satisfied one of three ways: (1) by alleging and showing that a city or county employee committed the alleged constitutional violation under a formal governmental policy or longstanding practice or custom that is the customary operating procedure of the local government entity,[2] (2) by establishing that the individual who committed the constitutional tort was

---

claims.").

  [2] A "policy" giving rise to liability cannot be established merely by identifying a policymaker's conduct that is properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-03103-UA (OP)** | Date | **May 8, 2013** |
|---|---|---|---|
| Title | **Herman Gaither v. Los Angeles County Sheriff's Department, et al.** | | |

an official with final policymaking authority and that the challenged action itself was an act of official governmental policy which was the result of a deliberate choice made from among various alternatives, or (3) by proving that an official with final policymaking authority either delegated policymaking authority to a subordinate or ratified a subordinate's unconstitutional decision or action and the basis for it. See Fuller, 47 F.3d at 1534; Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992). The Complaint does not contain any allegations that the alleged constitutional violations resulted from a municipal policy as a moving force behind such acts, that an individual with official policy-making authority committed the constitutional tort, or that an official with final policy making authority ratified the act of a subordinate or delegated the act to a subordinate. Thus, the Complaint is subject to dismissal for failure to state a Monell claim.

**C.      The Complaint Is Subject to Dismissal For Failure to State a Fourth Amendment Excessive Force Claim.**

A claim against law enforcement officers for excessive force is analyzed under the Fourth Amendment's "objective reasonableness" standard. Arpin v. Santa Clara Valley Trans. Agency, 261 F.3d 912, 921 (9th Cir. 2001) (citing Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). The Fourth Amendment requires police officers making an arrest to use only an amount of force that is objectively reasonable in light of the circumstances facing them. Blankenhorn v. City of Orange, 485 F.3d 463, 477 (9th Cir. 2007) (citing Tennessee v. Garner, 471 U.S. 1, 7–8, 105 S. Ct. 1694, 85 L. Ed.2 d 1 (1985)). "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Arpin, 261 F.3d at 921 (quoting Graham, 490 U.S. at 396). "To determine whether a specific use of force was reasonable, [courts] must balance 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake.'" Blankenhorn, 485 F.3d at 477 (quoting Graham, 490 U.S. at 396). "Relevant factors to this inquiry include, but are not limited to, 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Id. These factors, however, are not exclusive. Bryan v. McPherson, 630 F.3d 805, 826 (9th Cir. 2010). Another factor is the

---

"moving force" behind the injury alleged. See Brown, 520 U.S. at 404.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-03103-UA (OP)** | Date | **May 8, 2013** |
|---|---|---|---|
| Title | **Herman Gaither v. Los Angeles County Sheriff's Department, et al.** | | |

availability of alternative methods to effectuate an arrest or overcome resistance. Smith v. City of Hemet, 394 F.3d 689, 701-02 (9th Cir. 2005) (en banc); Headwaters Forest Defense v. Cnty. of Humboldt, 240 F.3d 1185, 1204 (9th Cir. 2000), vacated on other grounds, 534 U.S. 801, 122 S. Ct. 24, 151 L. Ed. 2d 1 (2001) ( "[P]olice are required to consider what other tactics if any were available to effect the arrest."). The most important of these factors is the threat posed by the suspect. City of Hemet, 394 F.3d at 702. A simple statement by an officer that he fears for his safety or the safety of others is not enough; there must be objective factors to justify such a concern. Bryan, 630 F.3d at 826 (citation omitted).

Based on the allegations and the exhibits attached to the Complaint, during Plaintiff's preliminary hearing, Defendants admitted to striking him several times in an effort to detain him. (Compl. at 5b.) However, it appears that the amount of force used was objectively reasonable in that Plaintiff attempted to head butt and punch Defendants several times, and he threatened to kill Defendants during the altercation. (Id. Ex. 2.) Thus, the Complaint is subject to dismissal for failure to state a Fourth Amendment claim based on the alleged use of excessive force.

**D.** **The Complaint Is Subject to Dismissal For Failure to Exhaust Administrative Remedies.**

As part of the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended and strengthened the requirement that prisoners pursuing civil rights claims under 42 U.S.C. § 1983, or another federal statute, must first exhaust administrative remedies. As amended, 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

As revised, the exhaustion requirement is nondiscretionary and comprehensive.

The Supreme Court has held that the PLRA requires a prisoner to complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the prisoner seeks money damages and such relief is not available

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03103-UA (OP) | Date | **May 8, 2013** |
|---|---|---|---|
| Title | **Herman Gaither v. Los Angeles County Sheriff's Department, et al.** | | |

under the administrative process. See Booth v. Churner, 532 U.S. 731, 740-41, 121 S. Ct. 1819, 1825, 149 L. Ed. 2d 958 (2001). Moreover, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992, 152 L. Ed. 2d 12 (2002). As a result, the exhaustion requirement applies to all prisoners seeking redress for any complaint concerning prison conditions or occurrences. Id. at 520. The Supreme Court has addressed the issue of whether a prisoner can satisfy the PLRA's exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal and held that "proper exhaustion of administrative remedies is necessary." Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2006).

Inmates in the custody of the Los Angeles County Sheriff's Department are provided with an administrative grievance system. An inmate may report a complaint in writing and may use the provided Inmate Complaint Forms. After a written complaint is received, the complaint is entered into the Facilities Automated Statistical Tracking ("F.A.S.T.") system. The F.A.S.T. system "universally tracks Inmate Complaint Forms filed by inmates housed in the Los Angeles County Sheriff's Department detention facilities." Simington v. Baca, No. CV 10-875-AHM (PLA), 2010 WL 2757403, at *2 (C.D. Cal. July 12, 2010); see also Shepherd v. Baca, 2009 WL 975845, at *5 (C.D. Cal. Mar. 2, 2009) (explaining that, at Los Angeles County jail facilities, inmate complaints are forwarded to the Inmate Complaint Coordinator who enters the complaints into the computerized F.A.S.T. System).

In the Complaint, Plaintiff acknowledges the existence of the County jail's administrative procedure and acknowledges that the procedures were still being investigated at the time the Complaint was signed and submitted to the Court. Thus, it appears that the Complaint may be subject to dismissal for failure to exhaust administrative remedies.

## III.
## Conclusion

Based the foregoing, Plaintiff is ordered to show cause on or before June 14, 2013, why his *in forma pauperis* application should not be denied for failure to state a claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03103-UA (OP) | Date | May 8, 2013 |
|---|---|---|---|
| Title | Herman Gaither v. Los Angeles County Sheriff's Department, et al. | | |

relief. If Plaintiff still wishes to pursue this action, he shall also have until June 14, 2013, to file an amended Complaint, attempting to cure the defects in the Complaint. The amended Complaint shall be complete in itself and must remedy the deficiencies discussed herein.

Failure to comply with the requirements of this OSC will result in a recommendation that the *in forma pauperis* application be denied for failure to state a claim on which relief may be granted, for failure to prosecute, and/or for failure to comply with a court order.

The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form and a blank *in forma pauperis* application.

**IT IS SO ORDERED.**


cc: All Parties of Record

Initials of deputy clerk    jh-relief